UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORFOLK FINANCIAL CORP., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OUSLEY FINANCIAL GROUP, LLC )<br>)<br>Defendant. )<br>)<br>) | Civil Action No.:<br>05 10941 RCL |

### DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

Comes now Defendant, Ousley Financial Group, L.L.C. ("OFG") pursuant to Rules 12(b)(6), 12(b)(2), and 12(b)(3) of the Federal Rules of Civil Procedure, and for its Motion to Dismiss or, in the Alternative, to Transfer, states to the Court as follows:

1.  The three-count Complaint filed by Plaintiff, Norfolk Financial Corp. ("Norfolk"), purports to set forth causes of action based on fraud, negligent misrepresentation and violation of Massachusetts General Laws Chapter 93A, all of which regard the purchase of certain assets by Norfolk from OFG pursuant to a Purchase and Sale Contract attached to Norfolk's Complaint as Exhibit A.

2.  Section 17.6 of the aforesaid Purchase and Sale Contract expressly states that "[t]he parties agree that any legal actions between Buyer and Seller regarding the purchase

546285.WPD;

of the Assets hereunder shall be originated in the district court in and for the State in the county of where Seller is located, subject to any rights of removal Seller may have, and Buyer hereby consents to the jurisdiction of said court in connection with any action or proceeding initiated concerning this Agreement...".

3. As confirmed by Exhibit I to the aforesaid Purchase and Sale Contract attached to Norfolk's complaint as Exhibit A, the Seller is expressly identified as OFG having an address of "2000 E. Broadway, Suite 176 Columbia, Missouri 65201-6091."

4. Because the Purchase and Sale Contract contains a forum selection clause pursuant to which the parties expressly agreed that any action was required to be brought in the district court covering the county and state in which OFG is located (i.e., the United States District Court for the Western District of Missouri), Plaintiff's Complaint filed in this Court fails to state a cause of action upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

5. In the alternative, OFG has no offices, employees or assets located in the State of Massachusetts, does not conduct business in the State of Massachusetts and has not committed any acts which would properly subject it to jurisdiction in the State of Massachusetts so that Norfolk's Complaint should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction.

6. In the further alternative, for the reasons set forth above, venue does not properly lie within this District and this case should be transferred to the United States

District Court for the Western District of Missouri pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

7. In support of this Motion, OFG files herewith and incorporates herein by reference the Affidavit of Gregory S. Ousley, attached as Exhibit A hereto, and its Memorandum of Law in Support hereof.

WHEREFORE, Defendant, Ousley Financial Group, L.L.C., respectfully moves this Court to enter its Order granting Defendant's Motion to Dismiss and dismissing this matter without prejudice and awarding to Defendant its costs incurred herein, along with such other and further relief as this Court deems just and proper. In the alternative, Defendant respectfully moves this Court to enter its Order granting Defendant's Motion to Transfer and transferring this matter to the United States District Court for the Western District of Missouri, along with such other and further relief as this Court deems just and proper.

### REQUEST FOR ORAL ARGUMENT

Defendant, Ousley Financial Group, L.L.C., hereby requests oral argument on this motion.

OUSLEY FINANCIAL GROUP, LLC.
By their attorney,

_____
Jeffrey R. Martin (BBO #322520)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
(617) 345-3000

## CERTIFICATION

The undersigned, James D. Bass, Missouri counsel for Defendant, Ousley Financial Group, L.L.C., hereby certifies that I have conferred with John J. O'Connor, attorney of record for Plaintiff, Norfolk Financial Corp., and that we have not been able to resolve the issues raised in this Motion to Dismiss or, in the Alternative, to Transfer.

BLUMENFELD, KAPLAN & SANDWEISS, P.C.

By_____
James D. Bass, MBE# 32913
168 N. Meramec, Suite 400
St. Louis, Missouri 63105-3763
(314) 863-0800/Fax (314) 863-9388

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

NORFOLK FINANCIAL CORP., )
                                     )
       Plaintiff,    )    Civil Action No.:
                                     )    05 10941 RCL
v.                                )
                                     )
OUSLEY FINANCIAL GROUP, LLC  )
                                   )
       Defendant.    )
                                   )

## AFFIDAVIT OF GREGORY S. OUSLEY

Comes now Affiant, Gregory S. Ousley, having first been duly sworn upon his oath, and states that he is over the age of twenty-one years and has personal knowledge of the following facts:

1. Affiant is and was at all times relevant hereto the President of Ousley Financial Group, L.L.C.

2. Ousley Financial Group, L.L.C. is a Missouri limited liability company with its principal place of business in the City of Columbia, State of Missouri.

3. Ousley Financial Group, L.L.C. has no offices, employees, or assets located in the State of Massachusetts and does not conduct business in the State of Massachusetts.

4. Affiant was the only representative of Ousley Financial Group, L.L.C. to have any communications with any representative of Norfolk Financial Corp. in

546035.DOC;

connection with the negotiation and execution of the Purchase and Sale Contract that is the subject of this lawsuit. All such communications were conducted by Affiant while he was located in the State of Missouri.

5. Neither Affiant nor any other representative of Ousley Financial Group, L.L.C. ever traveled to or was present in the State of Massachusetts in connection with the Contract.

6. The Contract was first signed by Daniel Goldstone on behalf of Norfolk Financial Corp. as Buyer and then delivered to Ousley Financial Group, L.L.C. in the State of Missouri where it was executed by Affiant on behalf of Ousley Financial Group, L.L.C. as Seller.

7. The purchase price under the Contract was wire transferred to Ousley Financial Group, L.L.C. in the State of Missouri upon receipt of which Ousley Financial Group, L.L.C. delivered the assets referred to in the Contract to Norfolk Financial Corp.

8. Section 17.6 of the Contract expressly provides that "[t]he parties agree that any legal actions between Buyer and Seller regarding the purchase of the Assets hereunder shall be originated in the district court in and for the State in the county where Seller is located...". As confirmed by Exhibit I of the Contract, the State of Seller is Missouri.

9. With the exception of the contract that is the subject matter of this lawsuit, Ousley Financial Group, L.L.C. has never contracted with or had any other business dealings with any person or entity located in the State of Massachusetts.

546035.DOC;

Further Affiant Sayeth Not.

_____
Gregory S. Ousley

STATE OF ~~MASSACHUSETTS~~ Missouri )
                                    )SS.
COUNTY OF                           )

Before me, a notary public, personally appeared Gregory S. Ousley, President of Ousley Financial Group, L.L.C. on the 25 day of July, 2005, and stated that the facts and allegations contained in the foregoing Affidavit are true and correct to his best knowledge, information and belief.

Notary Public

My Commission Expires:

> Don Wright
> Notary Public - Notary Seal
> State of Missouri
> County of Boone
> Expires January 28, 2006

OUSLEY FINANCIAL GROUP, LLC.
By their attorney,

_____
Jeffrey R. Martin (BBO #322520)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
(617) 345-3000

-3-

546035.DOC;

<u>Certificate of Service</u>

    I hereby certify that the foregoing was mailed this ___ day of _____, 2005 postage prepaid, first class U.S. mail to:

John J. O'Connor, Esq.
Peabody & Arnold, LLP
30 Rowes Wharf
Boston, MA 02110

                                          _____
                                          Jeffrey R. Martin

546035.DOC;

## Certificate of Service

I hereby certify that the foregoing was mailed this 27 day of July, 2005 postage prepaid, first class U.S. mail to:

John J. O'Connor, Esq.
Peabody & Arnold, LLP
30 Rowes Wharf
Boston, MA 02110

_____
Jeffrey R. Martin