UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORFOLK FINANCIAL CORP.,      ) | |
| )  | |
| Plaintiff,                )  | Civil Action No.: |
| )  | 05 10941 RCL |
| v.                            )  | |
| )  | |
| OUSLEY FINANCIAL GROUP, LLC  )  | |
| )  | |
| Defendant.               )  | |
| )  | |
| _____ ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

Comes now Defendant, Ousley Financial Group, L.L.C. ("OFG"), and hereby submits its Memorandum of Law in Support of its Motion to Dismiss or, in the Alternative, to Transfer.

## I. FACTS

Plaintiff, Norfolk Financial Corp. ("Norfolk"), entered into a Purchase and Sale Contract ("Contract") with OFG in February, 2005. See, Plaintiff's Complaint at ¶¶ 11-12 and Exhibit A, thereto. Norfolk was the Buyer and OFG was the Seller under the Contract. See, Exhibit A at p. 1 and Exhibit I, thereto. Section 17.6 of the Contract is captioned "Governing Law/Choice of Forum" and expressly states that "[t]he parties agree that any legal actions between Buyer and Seller regarding the purchase of the Assets hereunder shall

546317.WPD;

be originated in the district court in and for the State in the county where Seller is located,

subject to any rights of removal Seller may have, and Buyer hereby consents to the

jurisdiction of said court in connection with any action or proceeding initiated concerning

this Agreement...". See, Exhibit A to Plaintiff's Complaint at p. 16, §17.6. Exhibit I to the

Contract expressly confirms that OFG is the Seller, that its address is 2000 E. Broadway,

Suite 176, Columbia, Missouri 65201-6091, and that Greg Ousley was the Contact Person

for OFG in connection with the Contract. Columbia, Missouri is located within the

territorial jurisdiction of the United States District Court for the Western District of

Missouri.

According to the allegations of its Complaint, Norfolk is a Massachusetts

corporation with its principal place of business in Boston, Massachusetts. See, Complaint

at ¶4. OFG is a Missouri limited liability company with its principal place of business in

Columbia, Missouri. See, Affidavit of Gregory S. Ousley at ¶2. OFG has no offices,

employees or assets located in the State of Massachusetts and does not conduct business

there. Id. at ¶3. Greg Ousley was the only representative of OFG to have any

communications with Norfolk in connection with the negotiation and execution of the

Contract, and all such communications were conducted by Mr. Ousley while he was located

in Missouri. Id. at ¶4. No representative of OFG ever traveled to or was present in

Massachusetts in connection with the Contract. Id. at ¶5. The Contract was first signed by

Daniel Goldstone on behalf of Norfolk and then delivered to OFG in Missouri where it was

546317.WPD;                                    −2−

executed by Mr. Ousley on behalf of OFG. Id. at ¶6. The purchase price under the Contract

was wire transferred to OFG in Missouri, upon receipt of which OFG delivered the assets

referred to in the Contract to Norfolk. Id. at ¶7. With the exception of the Contract at issue

in this case, OFG has never contracted with or had any other business dealings with any

person or entity located in Massachusetts. Id. at ¶9.

In its Complaint, Norfolk purports to state causes of action for fraud (Count I),

negligent misrepresentation (Count II), and violation of Massachusetts General Laws

Chapter 93A (Count III). However, each of these purported claims arises from Norfolk's

purchase of the Assets under the Contract and seeks to recover the purchase price paid by

Norfolk. A copy of the Contract is attached to Norfolk's Complaint as Exhibit A, portions

of which are quoted at length in the Complaint. Thus, each count set forth in Norfolk's

Complaint is clearly one "regarding the purchase of the Assets hereunder" and/or

"concerning this Agreement" so as to fall within the requirement of §17.6 that such suit be

brought only in Missouri. Therefore, a dismissal of this action or its transfer to the Western

District of Missouri is in order. Moreover, the facts further demonstrate that OFG has not

only failed to do anything pursuant to which it may have voluntarily subjected itself to the

jurisdiction of Massachusetts, it actually obtained Norfolk's agreement in advance that it

would not be subject to suit in this State. Accordingly, this Court does not have personal

jurisdiction over OFG and Norfolk's Complaint should be dismissed in its entirety or, in the

alternative, transferred to the Western District of Missouri.

546317.WPD;                                                          —3—

## II. DISMISSAL UNDER RULE 12(b)(6)

As discussed above, in Section 17.6 of the Contract, Norfolk and OFG expressly agreed that any legal actions "regarding the purchase of the Assets" and/or "concerning this Agreement" would be brought only in the State of Missouri. Although the First Circuit views forum selection clauses in diversity actions as presenting an Erie question that has not yet been finally determined, federal common law and Massachusetts law treat forum selection clauses identically.  See, Lambert v. Kysar, 983 F.2d 1110, 1117, n.10 (1st Cir. 1993); Rooney v. Biomet, Inc., 63 F. Supp. 2d 126, 127 (D. Mass. 1999).  Under the modern view adopted by these courts, which takes into account the need for predictability in commercial transactions, great deference is given to such forum selection clauses.  See, Doe v. Seacamp Association, Inc., 276 F.Supp. 2d 222, 225 (D. Mass. 2003).[1]  In fact, in Seacamp, this Court granted Seacamp's motion to dismiss based on a forum selection clause under facts much less compelling than those present here.  There, the mother of a minor child brought suit in Massachusetts under a variety of contract and tort theories

---

[1]      In Seacamp, this Court set forth several factors that have been utilizied in the past in determining whether a forum selection clause is reasonable, just and entered into freely. To the extent that the facts of this case bear significantly on any of these factors, each such fact weighs in favor of enforcing the forum selection clause. For instance, Section 17.6 expressly provides that Missouri law governs the contract; the contract was executed by OFG in Missouri after Norfolk had signed the contract in Massachusetts; and the contract was performed in Missouri when OFG transferred the Assets to Norfolk after it had received the wire transfer of funds in Missouri. Moreover, there is no evidence of any countervailing factor such as unavailability of remedies in Missouri, inequality of bargaining power or any detriment with respect to the location of parties, convenience of witnesses or accessibility of evidence.

arising from the molestation of the minor child by a Seacamp counselor at Seacamp's location in Florida and later at the child's home in Massachusetts. Despite the sympathetic position of the plaintiffs, this Court noted that the "burden in resisting the forum selection clause is a heavy one" and ultimately held that plaintiffs had not met this burden despite the inclusion of significant tort claims in their complaint. As noted by the Court in granting Seacamp's motion to dismiss, "a choice of law provision should apply to non-contract claims where the basic source of any duty owed by defendants to the plaintiff is derived from the contractual relationship structured by the underlying agreement." Id. at 227-228, quoting, McAdams v. Mass. Mut. Life Ins. Co., 2002 U.S. Dist. LEXIS 9944 at p. 12 (D. Mass. 2002).

Here, Norfolk's transparent attempt to avoid the forum selection clause to which it freely agreed in this commercial transaction should also be rejected. In fact, Norfolk's recognition of the impact that the forum selection clause has on the viability of its claims before this Court is best demonstrated by the fact that it has carefully avoided asserting a simple claim for breach of contract despite the fact that it has (i) attached the Contract as an exhibit to its Complaint, (ii) quoted substantial portions of the Contract, and expressly requested a return of the purchase price. However, as this Court noted in Seacamp, such creative pleading cannot be allowed to defeat the parties' agreement on a forum selection clause. "If 'forum selection clauses are to be enforced as a matter of public policy, that same public policy requires that they not be defeated by artful pleadings [of tort claims].'"

Seacamp, 276 F. Supp. 2d at 228, quoting, In re N. Parent, Inc., 221 B.R. 609, 623 (Bankr. D. Mass. 1998), in turn, quoting, Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd., 709 F.2d 190, 203 (3rd Cir. 1983). Accordingly, as was the case in Seacamp, Norfolk has clearly failed to satisfy the heavy burden it must meet in attempting to defeat the forum selection clause freely agreed to by the parties.

In Seacamp, this Court noted that the appropriate vehicle for seeking dismissal on the ground of improper venue when a forum selection clause is at issue, is a motion to dismiss under the Rule 12(b)(6) of the Federal Rules of Civil Procedure. Accordingly, OFG respectfully moves this Court to enter its Order dismissing Norfolk's Complaint without prejudice to Norfolk's ability to assert those claims in the appropriate forum, i.e., the United States District Court for the Western District of Missouri. Out of an abundance of caution, OFG alternatively moves this Court to enter its Order transferring this matter to the Western District of Missouri based on improper venue before this Court pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

### III. DISMISSAL PURSUANT TO RULE 12(b)(2)

As discussed above, the agreed-upon forum selection clause clearly mandates that this matter be dismissed or transferred so that any claims may be presented in the appropriate forum of the Western District of Missouri. However, even in the absence of such a forum selection clause, this matter should properly be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure as a result of the lack of personal jurisdiction over

OFG.  As confirmed by the Affidavit of Gregory S. Ousley attached to OFG's Motion to

Dismiss as Exhibit A, OFG is a Missouri limited liability company with its principal place

of business in Columbia, Missouri. See, Affidavit of Gregory S. Ousley at ¶2.  OFG has no

offices, employees or assets located in Massachusetts and does not conduct business there.

Id. at ¶3.  Moreover, Mr. Ousley was the only representative to have any communications

with Norfolk in connection with the negotiation and execution of the Contract and all such

communications were conducted while he was located in Missouri.   Id. at ¶4.   No

representative of OFG ever traveled to or was present in Massachusetts in connection with

the Contract.  Id. at ¶5.  OFG executed the contract in Missouri after Norfolk had already

signed the Contract, and OFG performed the contract in the State of Missouri by

transferring possession of the assets to Norfolk after having received a wire transfer of the

purchase price into Missouri.  Id. at ¶¶6-7.  In fact, with the exception of this Contract, OFG

has never contracted with or had any other business dealings with any person or entity

located in Massachusetts.  Id. at ¶9. Under these facts, it is clear that the Due Process Clause

of the Fourteenth Amendment does not authorize the exercise of personal jurisdiction over

OFG in the State of Massachusetts.

      For instance, in A-Connoisseur Transportation Corp. v. Celebrity Coach, Inc., 742

F. Supp. 39 (D. Mass. 1990), this Court was faced with a claim by a Massachusetts

corporation against a Pennsylvania corporation alleging claims of breach of contract, fraud

and violation of Mass. Gen. Laws Ch. 93A.  In that case, the defendant drove its van to

Massachusetts for a demonstration prior to the sale of the van which gave rise to the lawsuit. The defendant also traveled to Massachusetts on one occasion to retrieve the van for repairs and admitted that it had sold two other vans into Massachusetts. Id. at 41. Nonetheless, while noting that these contacts may have been sufficient to satisfy the Massachusetts Long Arm Statute, Mass. Gen. Laws Ch. 223A, §3, the court expressly held that such activities were not sufficient to establish the constitutionally required minimum contacts for personal jurisdiction. Id. at 43. As the court noted, "every event that took place in Massachusetts is counterweighted by some factor which indicates a lack of intent on Celebrity's part to establish contacts in Massachusetts." Id.. Accordingly, the Court could not conclude "that Celebrity had any expectation of being hailed into a Massachusetts court or any desire to avail itself of the privileges and protections of state law." Id..

Here, OFG had even less contacts with the State of Massachusetts than this Court found insufficient in A-Connoisseur. In fact, in this case not only is there a complete lack of evidence to establish "any expectation of being hailed into a Massachusetts court or any desire to avail itself of the privileges and protections of state law," OFG completely negated any question with respect to its intent by expressly including in the contract a "Governing Law/Choice of Forum" provision which specifically states that Missouri law governs the rights and obligations of the parties and that any legal action must be brought in the State of Missouri. Under these circumstances, it is respectfully submitted that this Court lacks

personal jurisdiction over OFG and that Norfolk's Complaint should be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## IV. CONCLUSION

For the foregoing reasons and authorities in support thereof, it is respectfully submitted that this Court should grant OFG's Motion to Dismiss for failure to state a claim under Rule 12(b)(6), dismiss Norfolk's Complaint without prejudice and award to OFG's its costs incurred herein, along with such other and further relief as this Court deems just and proper. In the alternative, it is respectfully submitted that this Court should grant OFG's Motion to Dismiss for lack of personal jurisdiction under Rule 12(b)(2), dismiss this action without prejudice and award Defendant its costs incurred herein, along with such other and further relief as this Court deems just and proper. Finally, in the further alternative, it is respectfully submitted that this Court should grant OFG's Motion to Transfer for improper venue under Rule 12(b)(3) and transfer this matter to the Western District of Missouri, along with such other and further relief as this Court deems just and proper.

Respectfully submitted,

OUSLEY FINANCIAL GROUP, LLC.
By their attorney,

Jeffrey R. Martin (BBO #322520)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
(617) 345-3000

## Certificate of Service

I hereby certify that the foregoing was mailed this $\underline{27}$ day of $\underline{July}$, 2005 postage prepaid, first class U.S. mail to:

John J. O'Connor, Esq.
Peabody & Arnold, LLP
30 Rowes Wharf
Boston, MA 02110

Jeffrey R. Martin
00944979